## BUXTON v. LIETZ.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

ATTORNEY AND CLIENT (§ 136*)—PRIVILEGES—MERCANTILE AGENCY.

    A contract for legal services by a mercantile agency constituting a firm composed of partners not members of the bar, or by an individual not a member of the bar as assignee of the business of the agency, with authority to continue business in the name of the agency, is illegal, neither the assignor nor plaintiff being authorized to practice law, without reference to Laws 1909, c. 483, as amended by Laws 1911, c. 317, prohibiting corporations and associations from practicing law.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 297, 298; Dec. Dig. § 136.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Ben A. Buxton, doing business under the firm name and style of the Meacham-Buxton Mercantile Agency, against Charles L. Lietz. From a judgment (136 N. Y. Supp. 829) dismissing the complaint, plaintiff appeals. Affirmed.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Jacob Miller, of New York City (Henry A. Brann, Jr., of New York City, of counsel), for appellant.

George William Hart, of New York City, for respondent.

SEABURY, J. The plaintiff sues upon a contract made between his assignor and the defendant. The contract calls for the perform-

ance of services on the part of the plaintiff's assignor, which can only be lawfully performed by an attorney and counselor at law duly licensed to practice law in this state. At the time the contract sued upon was made with the "Meacham-Burton Mercantile Agency," the plaintiff's assignor, the so-called "agency" was a partnership not composed of members of the bar of this state. On February 8, 1912, the partnership was dissolved, and its business assigned to the plaintiff, who continues to do business under the name of the former partnership. It is also conceded that the plaintiff has not been duly licensed to practice law. The learned court below dismissed the complaint, on the ground that the contract sued upon was illegal.

We think that this disposition of the case was proper. The appellant contends that, at the time the contract was made, on March 10, 1911, it was not illegal, because chapter 483 of the Laws of 1909 merely prohibited a corporation from practicing law, and that the amendment to that law made by chapter 317 of the Laws of 1911, so as to make the prohibitions therein contained apply to voluntary associations, did not go into effect until September 1, 1911, which was after the contract in suit was made. We think that the argument urged by the appellant is immaterial to the question at issue. Quite apart from the statutory provisions referred to, the plaintiff and his assignor, not being duly licensed to practice law, had no right to contract so to do, and any contract made for this purpose was illegal. The principle upon which this ruling rests is so fully discussed in Matter of Application of Co-operative Law Co., 198 N. Y. 479, 92 N. E. 15, 32 L. R. A. (N. S.) 551, 139 Am. St. Rep. 839, 19 Ann. Cas. 879, that further discussion seems to us unnecessary.

Judgment affirmed, with costs. All concur.