## Midland Credit Adjustment Company and Leon A. Berezniak, Plaintiffs in Error, v. Reuben H. Donnelley, Defendant in Error.

### Gen. No. 25,859.

1. CONTRACTS, § 213*—*when contract is joint and several.* A contract, under which a corporation and an attorney were employed to collect accounts, and which provided that the commissions were payable to them jointly whether the collections were made with or without the intervention of the services of the attorney, was a joint contract and an entirety.

2. ATTORNEY AND CLIENT, § 6*—*when corporation is engaged in practice of law.* Where a corporation and an attorney were jointly employed to collect accounts with or without legal proceedings,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

272    APPELLATE COURTS OF ILLINOIS.

Midland Credit Adjustment Co. et al. v. Donnelley, 219 Ill. App. 271.

such corporation was engaged in the practice of law under the disguise of its attorney associate.

3. CONTRACTS, § 138*—*what contracts are against public policy.* The practice of law by a corporation is against public policy.

4. CONTRACTS, § 338*—*when bill on contract is demurrable because contract violates public policy.* In a suit for an accounting, where the petition alleged that the plaintiffs, a corporation and an attorney at law, were employed to collect certain accounts, with or without legal proceedings, and where the contract for services was joint and not severable, the bill stated a case wherein the corporation and the attorney were engaged in the practice of law, and were attempting to evade the law, wherefore such bill was subject to demurrer as the contract was violative of public policy.

Error to the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed October 11, 1920.

JACOB E. DITTUS, for plaintiff in error; LEON A. BEREZNIAK, of counsel.

THOMAS H. MADDOCK, JACOB H. JAFFE and VINCENT J. GREEN, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court. .

The bill in this case is one for an accounting, to which a general and special demurrer was interposed and sustained with leave to amend. Thereafter an amended bill was filed, to which was interposed a similar demurrer, which, being sustained, the amended bill was dismissed for want of equity and complainants appeal to this court seeking a reversal.

The bill alleges that complainants, the Midland Credit Adjustment Company, a corporation, and Leon A. Berezniak, were jointly employed by defendant for the purpose of collecting certain accounts, upon an agreement that if such accounts were collected without suit the complainants should receive as their compensation 25 per cent of the amount collected and if the same

*See Illinois. Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

were collected after suit was started complainants were then to be paid as their compensation 50 per cent of the amount collected; that a large number of claims was collected through the efforts of complainants, some of which were paid to them and others to defendant; that complainants were entitled to the agreed commissions, whether the collections were made direct to them or paid by the debtor to defendant; that repeated demands had been made on defendant by complainants for a correct accounting, but that defendant neglected and refused to make any such accounting or to pay any money for fees or commissions on such collections. The bill further avers that the complainant corporation is engaged in the business of handling collections and accounts wherever the same may be done without legal proceedings; that complainant Berezniak is an attorney at law and that when legal proceedings are necessary to enforce collections he is employed by the corporation for that purpose and for such services he is entitled to attorney's fees; and it was further averred that defendant had turned over to complainants a large number of accounts for collection, 280 in number aggregating in amount $14,159.10.

It is assigned for error the court's sustaining defendant's demurrer to the amended bill and dismissing the same for want of equity.

That the contract was joint and not severable sufficiently appears from the contract itself, and this is not in serious dispute. The compensation which complainants were entitled to receive under the contract was payable to them jointly and not severally, nor were any such payments dependent upon the fact as to whether the collection was made with or without legal proceedings or the intervention of the services of Berezniak or any other attorney at law. Payments, whether 25 per cent of the amount of the collection or 50 per cent when collected through the interposition of an attorney, were to be made to the complainants

jointly. Neither was entitled to recover or receive separately, under the terms of the contract, any commission for services rendered in making such collections. The averments of the bill as amended stamp the con-tract, under the terms therein recited, as an entire contract, and whatever amount became due to them for services rendered thereunder in accord with its terms was due and payable to them jointly and not severally. A reading of the contract stamps it as joint, and so far as complainants are concerned it is not divisible. All of the obligations assumed by complainants in the contract are jointly assumed, as the bill in terms avers.

It is averred *inter alia* that complainants were jointly employed and that all commissions were to be paid by defendant to complainants and that complainants were to be paid commissions on all accounts collected whether the same were paid by the debtor to them or direct to defendant.

It was held in *White Brass Castings Co. v. Union Metal Mfg. Co.*, 135 Ill. App. 32, that whether a contract is entire or severable cannot be determined by any precise rule, but must depend upon the intention of the parties, which in each case is ascertained from the language employed and the subject-matter of the contract. All the collections contemplated to be made were to be made by complainants and all payments due under the terms of the contract were due to them. Their liabilities and obligations under the contract were clearly joint and as to them an entirety. In *Morris v. Wibaux*, 159 Ill. 627, it was held that the entirety of a contract depends upon the intention of the parties and not upon the divisibility of the subject-matter or the mode of measuring the price.

Under the averments of the bill it is immaterial what arrangement complainants may have had between themselves for the division of any collection fees to be received under the contract. So far as defendant is concerned his rights must be determined from the

terms of the contract itself and by it alone.

The bill as amended states a case wherein the corporation complainant was engaged with its co-complainant in the practice of law. This clearly appears from their having contracted to make collections with or without legal proceedings.

It is against public policy for a corporation to be engaged in the practice of law. As said in *Buxton v. Lietz,* 136 N. Y. Supp. 829 (affirmed in 139 N. Y. Supp. 46): "It cannot be seriously disputed from the records in this case that the plaintiff is engaged in a business which consists of collecting outstanding accounts for 'clients,' and, when necessary to institute litigation for that purpose." In *Re Co-operative Law Co.,* 198 N. Y. 479, the court said:

"The bar, which is an institution of the highest usefulness and standing, would be degraded if even its humblest member became subject to the orders of a money-making corporation engaged not in conducting litigation for itself, but in the business of conducting litigation for others. The degradation of the bar is an injury to the State. A corporation can neither practice law nor hire lawyers to carry on the business of practicing law for it any more than it can practice medicine or dentistry by hiring doctors or dentists to act for it."

In case *supra,* Mr. Justice Vann moralized most instructively and illuminatingly on this question in the following language:

"The practice of law is not a business open to all, but a personal right, limited to a few persons of good moral character, with special qualifications ascertained and certified after a long course of study, both general and professional, and a thorough examination by a State board appointed for the purpose. The right to practice law is in the nature of a franchise from the State conferred only for merit. It cannot be assigned or inherited, but must be earned by hard study and good conduct. It is attested by a certificate of the

Supreme .Court, and is protected by registration. No one can practice law unless he has taken an oath of office and has become an officer of the court, subject to its discipline, liable to punishment for contempt in violating his duties as such, and to suspension or removal. It is not a lawful business except for members of the bar who have complied with all the conditions required by statute and the rules of the courts. As these conditions cannot be performed by a corporation, it follows that the practice of law is not a lawful business for a corporation to engage in. As it cannot practice law directly, it cannot indirectly by employing competent lawyers to practice for it, as that would be an evasion which the law will not tolerate. * * * The legislature in authorizing the formation of corporations to carry on 'any lawful business' did not intend to include the work of the learned professions. Such an innovation with the evil results that might follow would require the use of specific language clearly indicating the intention. Recent legislation simply emphasizes and protects the established policy of the State and although *ex post facto* tends to show that no such object was in contemplation when the general term 'lawful business' was used in the statute to authorize the formation of business corporations. * * * Business in .its ordinary sense was aimed at, not the business or calling of members of the great professions, which for time out of mind have been given exclusive rights and subjected to peculiar responsibilities.''

In *L. Meisel & Co. v. National Jewelers' Board of Trade*, 90 N. Y. .Misc. 19, 152 N. Y. Supp. 913, it was held that the operation. of a collection agency, with or without legal proceedings, constitutes the practice of law.

In *People v. Schreiber*, 250 Ill. 345, it was held that a person not a licensed attorney was guilty of fraud in holding himself out as being an attorney and qualified to transact a general law business notwithstanding his activities were confined to the maintenance of

an office for the purpose of making collections, drawing legal papers, examining abstracts, negotiating loans and real estate deals, forming connections with attorneys and collection agencies throughout the country for the receiving and forwarding of items for collection; that engaging in this line of business was in fact practicing law.

The averments of the bill show an elusive attempt on the part of the corporation complainant to practice law under the disguise of its attorney associate. It is against public policy and is condemned in *State ex rel. Lundin v. Merchants' Protective Corporation*, 105 Wash. 12.

It is patent that the combination between complainants was for the very purpose of evading the law regarding its professional practice. The corporation could solicit collections, which is law business, which the lawyer was inhibited from doing by legal ethics, and the lawyer could institute legal proceedings and conduct them to a finality, which the corporation could not do.

It is our opinion that the averments of the bill disclose a contract vulnerable to the demurrer interposed as violative of public policy, and therefore void.

The order sustaining the demurrer to the amended bill and dismissing it for want of equity was without error and is affirmed.

*Affirmed.*

DEVER and McSURELY, JJ., concur.