# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *LVNV Funding, LLC v. Trice*, 2011 IL App (1st) 092773

---

| | |
|---|---|
| Appellate Court Caption | LVNV FUNDING, LLC, Plaintiff-Appellee, v. MATTHEW TRICE, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1–09–2773 |
| Modified opinion filed | June 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from the entry of judgment for plaintiff collection agency in action to collect a credit card debt owed by defendant, the denial of defendant's motion under section 2–1401 of the Code of Civil Procedure to vacate the judgment without hearing evidence was reversed and the cause was remanded for further proceedings, since assuming the truth of defendant's allegation that plaintiff had not registered as required by the Illinois Collection Agency Act, defendant alleged sufficient grounds for vacating the judgment entered in its favor, and if plaintiff disputes the accuracy of defendant's allegation, the trial court should hold an evidentiary hearing before deciding whether to grant the motion to vacate. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08–M1–107717; the Hon. Martin Moltz, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

| | |
|---|---|
| Counsel on Appeal | Woerthwein & Miller (Theodore A. Woerthwein and John Miller, of counsel), and Krislov & Associates, Ltd. (Clinton Krislov, Michael R. Karnuth, and Eve-Lyn J. Rapp, of counsel), both of Chicago, for appellant. |
| | Barhorst & Associates, P.C. (Stacie E. Barhorst, of counsel), and Hinshaw & Culbertson, LLP (Stephen R. Swofford and David M. Schultz, of counsel), both of Chicago, for appellee. |
| Panel | JUSTICE NEVILLE delivered the opinion of the court, with judgment. Presiding Justice Quinn and Justice Murphy concurred in the opinion and judgment. |

## OPINION

¶ 1      When an unregistered collection agency obtains a judgment against a debtor, does the lack of a license make the judgment void, or merely voidable? The trial court here said it made the judgment merely voidable, so that the debtor's failure to raise the issue before entry of the final judgment left him with no recourse. We disagree. We find that our legislature's criminalization of an unregistered collection agency's collection of a debt establishes an intent to void any judgment entered in favor of an unregistered collection agency. Accordingly, we reverse and remand.

¶ 2                         BACKGROUND

¶ 3      Matthew Trice used his Citibank credit card to pay for some plumbing. He did not pay Citibank the full amount the plumber charged. Citibank sold its interest in the credit card account to a collection agency named LVNV Funding LLC. In January 2008, LVNV sued Trice to recover the balance due on the account. On January 15, 2009, after a trial at which Trice represented himself, the trial court entered a judgment in favor of LVNV for $3,303.90.

¶ 4      Trice hired counsel and, on March 3, 2009, Trice's counsel filed a motion to vacate the judgment pursuant to section 2–1401 of the Code of Civil Procedure. 735 ILCS 5/2–1401 (West 2008). In the motion, Trice alleged that LVNV had not registered with the State as a collection agency before it filed the suit against him. According to Trice, LVNV obtained a license to act as a collection agency on August 28, 2008, some months after LVNV filed the lawsuit against Trice, but some months before the court entered a judgment in favor of LVNV. Trice did not include any allegations concerning how he discovered that LVNV had not registered, and he included no other allegations related to his diligence. He sought only

-2-

a finding that LVNV's failure to register rendered void the judgment entered against him on January 15, 2009.

¶ 5      LVNV invoked section 2–615 of the Code of Civil Procedure (735 ILCS 5/2–615 (West 2008)) as grounds for its motion to dismiss Trice's motion to vacate the judgment. LVNV argued that the trial court had jurisdiction over the parties and the subject matter, so the judgment was not void.

¶ 6      The trial court denied Trice's motion to vacate the judgment without hearing evidence because Trice should have notified the court before trial that LVNV had not registered as a collection agency. Trice now appeals.

¶ 7                                                         ANALYSIS

¶ 8      Our supreme court clarified the law pertaining to section 2–1401 motions in *People v. Vincent*, 226 Ill. 2d 1 (2007). The party seeking relief from a judgment must plead and prove (1) that he had "a defense or claim that would have precluded entry of the judgment in the original action" and (2) that he acted with "diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8. The party opposing the section 2–1401 petition may move to dismiss it as insufficient at law, or the party may dispute the factual assertions of the petition. *Vincent*, 226 Ill. 2d at 8-9. Where the parties dispute a material issue of fact, the trial court should hold an evidentiary hearing before ruling on the petition. *Vincent*, 226 Ill. 2d at 9. "[W]hen a court enters either a judgment on the pleadings or a dismissal in a section 2–1401 proceeding, that order will be reviewed, on appeal, *de novo*." *Vincent*, 226 Ill. 2d at 18.

¶ 9      Here, LVNV moved to dismiss the section 2–1401 motion as legally insufficient. See 735 ILCS 5/2–615 (West 2008); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 147 (2002). For purposes of our review of the judgment, we must accept as true all well-pleaded facts in Trice's motion to vacate the judgment. *Oliveira*, 201 Ill. 2d at 147. We will affirm the dismissal "only where no set of facts can be proved under pleadings which set forth a cause of action entitling the plaintiff to relief." *Bank of Northern Illinois v. Nugent*, 223 Ill. App. 3d 1, 9 (1991). However, the petition must set forth sufficient facts to show entitlement to the relief sought. *Barham v. Knickrehm*, 277 Ill. App. 3d 1034, 1037 (1996).

¶ 10      Trice has adequately alleged that before it filed the lawsuit, LVNV had not registered as a collection agency, as required by the Illinois Collection Agency Act (Act) (225 ILCS 425/14, 14b (West 2008)). But Trice did not raise this issue before the trial court entered a final judgment against him on LVNV's complaint. Trice raises the issue only in a section 2–1401 petition for relief from the judgment. Finally, Trice claims that LVNV's failure to register makes the judgment in its favor void, and not merely voidable.

¶ 11      When the trial court enters a void judgment, a party aggrieved by the judgment may attack it in a section 2–1401 motion without showing diligence. "[T]he allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

¶ 12      The parties cite us no case in which a court decided whether a violation of the Act rendered a judgment void. Apparently, we must decide the issue as a matter of first

impression–despite the fact that the Act has remained in effect since 1974. See 225 ILCS 425/1 (West 2008).

¶ 13    Our supreme court defined void judgments in *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 379-80 (2005), as follows:

>    "A void order or judgment is, generally, one entered by a court without jurisdiction of the subject matter or the parties, or by a court that lacks the inherent power to make or enter the order involved. [Citations.] A void judgment is from its inception a complete nullity and without legal effect."

In *Ford Motor*, the plaintiff recovered a judgment against the defendant in a proceeding in which the law firm that represented the plaintiff had failed to register with the court as required by Supreme Court Rule 721(c) (Ill. S. Ct. R. 721(c) (eff. Nov. 1, 1984)). All of the attorneys who worked for the law firm had proper Illinois licenses. The trial court held that because the law firm engaged in the unauthorized practice of law, the judgment was void. Our supreme court noted that the appellate court had reached a contrary result under similar facts in *Joseph P. Storto, P.C. v. Becker*, 341 Ill. App. 3d 337 (2003). Our supreme court summarized the reasoning of *Storto* as follows:

>    "The *Storto* court observed that although Rule 721(c) requires that professional service corporations register with this court, the rule also lacks civil or criminal penalties for noncompliance. *** Because Rule 721(c) fails to include civil or criminal liability for the failure to register, the *Storto* court held that this indicated that the registration requirement was not promulgated for the protection of the public safety. ***
>
>    Accordingly, the *Storto* court determined that, because Rule 721(c) was not enacted for the protection of the public, the contractual obligations owed to a professional service corporation law firm which lacked registration under Rule 721(c) could not be voided absent a showing of prejudice resulting from the failure to register." *Ford Motor*, 214 Ill. 2d at 386-87.

The *Ford* court adopted the reasoning of *Storto*. *Ford Motor*, 214 Ill. 2d at 387.

¶ 14    Trice here asks us to treat LVNV's collection efforts, while unregistered, as akin to the unauthorized practice of law. LVNV argues that its collection efforts have more in common with the practice of law by the unregistered law firm in *Ford Motor*. Courts in Illinois have noted the close relationship between a collection agency's work and the practice of law. Illinois courts have expressly disapproved of acts by which a collection agency has crossed the line into the practice of law in *People v. Securities Discount Corp.*, 361 Ill. 551 (1935), *Midland Credit Adjustment Co. v. Donnelley*, 219 Ill. App. 271 (1920), and *Smith v. Illinois Adjustment Finance Co.*, 326 Ill. App. 654 (1945). Courts in other jurisdictions have also found that collection agencies have practiced law without a license. See *Iowa Supreme Court Comm'n on Unauthorized Practice of Law v. A-1 Associates, Ltd.*, 623 N.W.2d 803 (Iowa 2001); *Bay County Bar Ass'n v. Finance System, Inc.*, 76 N.W.2d 23 (Mich. 1956); *Martinez v. Albuquerque Collection Services, Inc.*, 867 F. Supp. 1495 (D.N.M. 1994); *Hospital Credit Exchange v. Shapiro*, 59 N.Y.S.2d 812 (1946); *Nelson v. Smith,* 154 P.2d 634, 638-39 (Utah 1944); *In re Ripley*, 191 A. 918 (Vt. 1937); *State ex rel. State Bar of Wisconsin v. Bonded Collections, Inc.*, 154 N.W.2d 250 (Wis. 1967).

¶ 15    The Illinois General Assembly adopted legislation to license and regulate collection agencies beginning in 1974. Comment, *The Illinois Collection Agency Act*, 1975 U. Ill. L.F. 441, 443. The Act, as amended, provides:

> "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest." 225 ILCS 425/1a (West 2008).

> "No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, *** exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act[.]" 225 ILCS 425/4 (West 2008).

A corporation acts as a collection agency when it "[b]uys accounts, bills or other indebtedness [with recourse] and engages in collecting the same." 225 ILCS 425/3(d) (West 2008). A party who acts as a collection agency without proper registration commits a Class A misdemeanor and must also pay a civil penalty. 225 ILCS 425/4.5, 14, 14b (West 2008).

¶ 16    Assuming the truth of the allegations in Trice's section 2–1401 motion, that LVNV had not registered as a collection agency before it sued Trice, LVNV committed a crime when it purchased the debt and sued to collect it. See 225 ILCS 425/3(d), 14 (West 2008). The criminal and civil penalties the Act assigns to LVNV's alleged acts (225 ILCS 425/4.5, 14, 14b (West 2008)) distinguish this case from *Ford Motor*.

¶ 17    The criminal penalties codified in the Act applicable to unregistered collection agencies also distinguish this case from *K. Miller Construction Co. v. McGinnis*, 238 Ill. 2d 284 (2010), a recent supreme court decision. In *K. Miller*, a home remodeling contractor failed to give his customer a written contract for remodeling work that cost more than $1,000, in violation of a statute. Our supreme court noted that "a statutory violation does not automatically render a contract unenforceable." *Id.* at 294. The court found that the contractor could sue for breach of contract. The statute in *K. Miller*, like the rule in *Ford Motor*, assigned no penalty to its violation. Here, on the other hand, the Act expressly forbids collection agencies, like LVNV, from exercising the right to collect any bill before the agency has registered as a collection agency, and the Act expressly makes the violation a crime.

¶ 18    We find this case similar to cases in which a person practices law without a license. Courts have authority to impose penalties for contempt on anyone who practices law without a license. 705 ILCS 205/1 (West 2008). Courts may similarly penalize anyone who acts as a collection agency without registering. See 225 ILCS 425/4.5, 14, 14b (West 2008). A court made the following statement about a complaint drafted by an unlicensed attorney:

> "A complaint drafted by a nonattorney on behalf of a corporation constitutes the unauthorized practice of law rendering the pleading a nullity and any judgment entered on it void. [Citation.] An attorney's subsequent appearance and adoption of a complaint improperly drafted by a nonattorney does not absolve the drafter of the unauthorized practice of law." *Edwards v. City of Henry*, 385 Ill. App. 3d 1026, 1036 (2008).

The rule "operates to void the judgment even where the lay agent merely files the complaint over his own signature, and all subsequent court appearances are made by a duly licensed

attorney." *Housing Authority v. Tonsul*, 115 Ill. App. 3d 739, 740 (1983).

¶ 19 We hold that a complaint filed by an unregistered collection agency is similarly a nullity, and any judgment entered on such a complaint is void. The subsequent registration of the collection agency does not absolve the agency of the crime of debt collection by an unregistered collection agency, and it does not validate a judgment entered on the void complaint. The trial court lacks authority to enter or enforce a judgment in LVNV's favor on a complaint LVNV filed in violation of the Act, because to do so would abet LVNV in the commission of the crime of debt collection by an unregistered collection agency. 225 ILCS 425/4, 14, 14b (West 2008).

¶ 20 We find that Trice has alleged adequate grounds for vacating the judgment entered in favor of LVNV. If LVNV disputes the accuracy of Trice's factual allegations, the trial court should hold an evidentiary hearing on the issue before deciding whether to grant Trice's motion to vacate the judgment.

¶ 21 PETITION FOR REHEARING

¶ 22 In a petition for rehearing, LVNV makes several new factual allegations and several new arguments never presented in the trial court, including constitutional arguments, for denying Trice's section 2–1401 petition. We do not intend to foreclose LVNV from proving those facts and raising those arguments at the evidentiary hearing when the trial court, on remand, considers Trice's petition in light of this opinion. Accordingly, we deny the petition for rehearing.

¶ 23 CONCLUSION

¶ 24 If LVNV had not registered before it filed the complaint against Trice, it committed the crime of engaging in debt collection without proper registration. The crime, if proven, makes void the judgment LVNV obtained against Trice. Accordingly, we reverse and remand for further proceedings in accord with this opinion.

¶ 25 Reversed and remanded with directions.