# Illinois Official Reports

## Appellate Court

---

### *Gibbs v. Blitt & Gaines*, *P.C.*, 2014 IL App (1st) 123681

---

| | |
|---|---|
| Appellate Court Caption | ELIZABETH (LIBBY) GIBBS, Plaintiff-Appellant, v. BLITT AND GAINES, P.C., Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-12-3681 |
| Filed | February 11, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's individual and class action complaint against defendant law firm for violations of the Fair Debt Collection Practices Act based on the filing of a collection action against plaintiff on behalf of a debt collection firm not licensed in Illinois was properly dismissed, since licensed attorneys at law are expressly exempt from the requirements of the Act. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-3381; the Hon. Neil Cohen, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Edelman, Combs, Latturner & Goodwin, LLC, of Chicago (Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, and Thomas E. Soule, of counsel), for appellant.<br><br>Hinshaw & Culbertson LLP, of Chicago (Stephen R. Swofford, David M. Schultz, and Justin M. Penn, of counsel), for appellee. |

Panel

PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion.

Justices Simon and Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff Elizabeth (Libby) Gibbs appeals from the order of the circuit court dismissing her amended complaint for violations of the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 *et seq.* (2006)) against defendant Blitt & Gaines, P.C. (Blitt & Gaines). On appeal, Gibbs contends that the trial court erred in dismissing her claim because law firms may be held liable for violations under the FDCPA even if the Illinois Collection Agency Act (Illinois Act) (225 ILCS 425/1 *et seq.* (West 2012)) expressly excludes attorneys from its requirements. For the following reasons, we affirm.

¶ 2                                    JURISDICTION

¶ 3 The circuit court entered its order granting Blitt & Gaines' motion to dismiss on December 4, 2012. Petitioner filed a notice of appeal on December 11, 2012. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303, governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                                    BACKGROUND

¶ 5 Gibbs resides in Mackinaw, Illinois, located in Tazewell County. On October 9, 2008, Blitt & Gaines filed a suit against Gibbs on behalf of its client, CACH, LLC (CACH), a debt collection firm, to collect an outstanding debt of $17,663.66 Gibbs allegedly owed for credit card purchases. CACH was not an Illinois-licensed debt collection agency when it filed the suit. On May 12, 2009, approximately seven months after filing the suit against Gibbs, CACH obtained its Illinois license. Gibbs was served in this underlying debt collection case on September 13, 2011, more than two years after CACH became licensed in Illinois and almost three years after its debt collection case against Gibbs was filed.

¶ 6 Gibbs filed a motion to dismiss the suit based on this district's appellate opinion in *LVNV Funding, LLC v. Trice*, 2011 IL App (1st) 092773. After Gibbs filed her motion to dismiss, she and CACH entered into a settlement agreement and on March 1, 2012, the trial court entered an agreed order wherein CACH voluntarily dismissed its case against Gibbs, with prejudice, and reimbursed her $119 in fees. This dismissal, with prejudice, effectively erased Gibbs' credit card debt and barred CACH from pursuing Gibbs' debt in court in the future.

- 2 -

¶ 7     Gibbs subsequently filed her own complaint in Cook County based on the underlying debt collection suit, along with class action allegations, against Blitt & Gaines, which employed the attorneys who filed the suit on behalf of CACH. Gibbs' individual and class action suits attempt to hold the law firm liable for its attorneys' actions in filing suits against Gibbs and all other similarly situated plaintiffs, on behalf of CACH and other collection agencies not licensed in Illinois. The complaint alleged that the law firm's actions in filing suit on behalf of unlicensed debt collection agencies made the firm a debt collector. Gibbs also alleged that by filing suit on behalf of unlicensed collection agencies, the law firm violated the FDCPA and she sought statutory and actual damages, attorney fees and costs and other relief on behalf of herself and all members of the class.

¶ 8     Blitt & Gaines filed its motion to dismiss pursuant to sections 2-615 and 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2012)), raising numerous defenses to Gibbs' individual and class action complaints. On December 4, 2012, the trial court granted the motion to dismiss pursuant to section 2-615, holding that "it is clear Plaintiff's FDCPA claim is based solely on Defendant's alleged violation of the [Illinois Act] by filing collection lawsuits on behalf of an unlicensed debt collector. Defendant, however, is expressly exempt from the provisions of the [Illinois Act]. Plaintiff cannot use an inapplicable Illinois statute to manufacture a claim under the FDCPA." Gibbs filed her timely notice of appeal.

¶ 9                                                    ANALYSIS

¶ 10    Blitt & Gaines filed its motion to dismiss under both section 2-615 and section 2-619. A section 2-615 motion to dismiss challenges the sufficiency of the pleadings and the court determines whether the allegations of the complaint, construed in the light most favorable to the nonmoving party and taking all well-pleaded facts as true, are sufficient to state a cause of action upon which relief may be granted. *Dratewska-Zator v. Rutherford*, 2013 IL App (1st) 122699, ¶ 14. A section 2-619 motion to dismiss, however, "admits the legal sufficiency of the complaint, but asserts affirmative matter outside the complaint that defeats the cause of action." *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). The court construes the pleadings and any supporting documentary evidence in the light most favorable to the nonmoving party. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003). Under either section 2-615 or section 2-619, our review of a motion to dismiss is *de novo*. *Kean*, 235 Ill. 2d at 361.

¶ 11    Gibbs contends that Blitt & Gaines violated the FDCPA by filing suit on behalf of an unlicensed debt collection agency in violation of the Illinois Act. In her amended complaint, Gibbs alleged that Blitt & Gaines violated section 1692e of the FDCPA. Section 1692e provides, in part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2006). Gibbs relies on *Trice* to support her argument that Blitt & Gaines engaged in false or unfair debt collection. In *Trice*, this court found that "a complaint filed by an unregistered collection agency is *** a nullity, and any judgment entered on such a complaint is void. The subsequent registration of the collection agency does not absolve the agency of the crime of

debt collection by an unregistered collection agency, and it does not validate a judgment entered on the void complaint." *Trice*, 2011 IL App (1st) 092773, ¶ 19. Gibbs argues that Blitt & Gaines was aware of the appellate court's decision in *Trice* and should have known that filing a complaint on behalf of an unregistered collection agency would result in a void judgment. The firm, however, chose to pursue CACH's claim against Gibbs. She concludes that such action violates the FDCPA, which "prohibits the use of false or unfair representations in the course of debt collection."

¶ 12    However, when the appellate court rendered its decision in *Trice*, resolution of the claim was far from conclusive. The court remanded the cause in *Trice* to the trial court and upon a petition for rehearing, the appellate court modified its judgment to acknowledge that new constitutional arguments had been raised which the trial court would address on remand. *Trice*, 2011 IL App (1st) 092773, ¶ 22. On remand, the trial court determined that the Illinois Act's provision criminalizing the failure to register as a collection agency is unconstitutional, and that the underlying judgment against the debtor "should have been voidable rather than void." LVNV Funding, LLC v. Trice, No. 11 CH 11741, slip op. at 30 (Cir. Ct. Cook Co. Apr. 23, 2013). The trial court therefore upheld the judgment originally obtained by LVNV Funding against Trice. *Id. Trice* is currently pending on direct appeal to the Illinois Supreme Court. LVNV, LLC v. Trice, No. 116129.

¶ 13    While the constitutionality of the registration provision is pending before our supreme court, we decline to speculate on whether a judgment obtained by a complaint filed by an unregistered collection agency is void or voidable as a result. In any event, *Trice* as it currently stands does not sufficiently support Gibbs' claim that Blitt & Gaines engaged in actionable debt collection by pursuing a frivolous complaint against her.

¶ 14    Furthermore, the Blitt & Gaines attorneys did not violate the Illinois Act by filing CACH's complaint against Gibbs. The purpose of the Illinois Act is to "protect consumers against debt collection abuse." 225 ILCS 425/1a (West 2012). The Illinois Act defines a "collection agency" or a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 ILCS 425/2 (West 2012). The Illinois Act, however, exempts certain persons from its requirements:

> "This Act does not apply to persons whose collection activities are confined to and are directly related to the operation of a business other than that of a collection agency, and specifically does not include the following:
>
> * * *
>
> 5. Licensed attorneys at law[.]" 225 ILCS 425/2.03 (West 2012).

¶ 15    Blitt & Gaines is a law firm comprised of licensed attorneys who file suits on behalf of collection agencies. As such, we find that it is exempt from the requirements of the Illinois Act pursuant to the above provision. Since Blitt & Gaines committed no violation of the Illinois Act, and therefore engaged in no misconduct by filing CACH's claim, Gibbs' contention that the firm violated the FDCPA cannot stand.

¶ 16 Also, the issue of whether the filing of the complaint here violates the FDCPA is one of first impression in Illinois. Therefore, Illinois courts may properly look to federal law for guidance. *People v. Childress*, 338 Ill. App. 3d 540, 553-54 (2003). "The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation." *Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004); *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007) (the FDCPA "creates its own rules" and "does not so much as hint at being an enforcement mechanism for other rules of state and federal law"). The FDCPA was enacted "to protect consumers from a host of unfair, harassing, and deceptive collection practices without imposing unnecessary restrictions on ethical debt collectors. [Citation.]" (Internal quotation marks omitted.) *Federal Trade Comm'n v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007).

¶ 17 *Fick v. American Acceptance Co.*, No. 3:11 CV 299, 2012 WL 1074288 (N.D. Ind. Mar. 28, 2012), is instructive here. In *Fick*, a debtor sued both the unlicensed debt collector and the law firm representing the debt collector, alleging that in filing the underlying collection suit the law firm was also a debt collector whose actions violated the FDCPA. *Id*. at *1. The federal district court dismissed the debtor's section 1692e claim against the law firm, holding that the section applies "to threats to take action that cannot legally be taken, but not illegal actions actually taken." *Id*. at *4. Here, Gibbs' claim is based on the underlying suit actually filed by Blitt & Gaines. Pursuant to *Fick*, her section 1692e claim cannot stand.

¶ 18 Finally, federal cases have held that the act of filing a debt collection suit under various circumstances, without more, is not sufficient to state a claim under the FDCPA. See *Williams v. Zucker, Goldberg & Ackerman, LLC*, No. 09-6177 (WJM), 2011 WL 843943 (D.N.J. Mar. 8, 2011); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (filing a debt collection suit without immediate means of proving the debt); *Havens-Tobias v. Eagle*, 127 F. Supp. 2d 889, 897-98 (S.D. Ohio 2001) (bringing a debt collection suit based on disputed charges not unfair).

¶ 19 Due to our disposition of this appeal, we need not consider other issues raised by the parties.

¶ 20 For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 21 Affirmed.