NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190497-U

NO. 4-19-0497

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JOHN B. McGLASSON, JR., | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | McLean County |
| BLITT and GAINES, P.C., | ) | No. 17SC938 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | J. Jason Chambers, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1  *Held:*    The trial court did not err in dismissing plaintiff's amended complaint.

¶ 2         On July 31, 2018, plaintiff John B. McGlasson, Jr., filed an amended small claims complaint against defendant, Blitt and Gaines, P.C.  On January 15, 2019, the trial court dismissed plaintiff's amended complaint.  Plaintiff appeals, arguing the court erred in dismissing his amended complaint.  We affirm.

¶ 3                              I. BACKGROUND

¶ 4         On June 30, 2017, plaintiff filed a small claims complaint against defendant. According to a "Statement of Facts" plaintiff attached to the complaint, plaintiff sent a certified letter to defendant on April 19, 2017, demanding absolute proof of the origin of the debt that is at the center of this case.  Plaintiff alleged defendant had not responded to his letter.  However, the record shows defendant had informed plaintiff prior to April 19, 2017, that the original creditor

on the debt was Citibank (South Dakota), N.A. Plaintiff denied ever doing any business with Citibank. According to plaintiff, defendant had aggressively pursued collection efforts against him for over a decade regarding this "debt of unknown and possibly fraudulent origin." Plaintiff acknowledged a default judgment had been entered against plaintiff for this debt. However, plaintiff alleged the default judgment was secured through "deceptive and questionable service."

¶ 5            On October 10, 2017, defendant filed a motion to dismiss plaintiff's claim pursuant to section 2-619 of the Illinois Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619 (West 2016)). According to the motion, in 2007, defendant filed a verified complaint in McLean County, Illinois, on behalf of First Resolution Investment Corporation against plaintiff to collect money owed on a delinquent loan (McLean County case No. 07-SC-772). Judgment was entered against plaintiff on March 21, 2008.

¶ 6            Defendant noted plaintiff's complaint in this case was based on collection efforts which had been ongoing for more than a decade. Defendant argued plaintiff's complaint is barred by the statute of limitations. Defendant also claimed it was expressly exempt, as a law office, pursuant to section 2.03(5) of the Collection Agency Act (Collection Act) (225 ILCS 425/2.03(5) (West 2016)). Further, defendant argued neither the "continuing violation" doctrine nor the "discovery rule" could save plaintiff's claim.

¶ 7            On March 15, 2018, plaintiff responded to defendant's motion to dismiss. Plaintiff took issue with defendant's statute of limitations argument. Plaintiff did not argue defendant's alleged violation was not related to the ongoing debt collection process which plaintiff's "Statement of Facts" indicated had been ongoing for more than 10 years. Instead, he argued the case *sub judice* involved a new violation for which the statute of limitation would start anew. According to plaintiff, "it is not absolutely clear as a matter of law *** that all

- 2 -

misconduct alleged was simply a continuing violation from previous issues." Plaintiff asked the trial court to deny the motion to dismiss. In the alternative, plaintiff asked for leave to amend his complaint.

¶ 8        On March 22, 2018, defendant filed its reply to plaintiff's response, addressing plaintiff's argument this case involved a new violation. According to defendant:

"The only possible act identified by the Plaintiff that has occurred within one-year of the filing of his Complaint is that he demanded 'absolute Proof of Origin of Debt' on April 19, 2017. Compl. ¶ 9. However, he also contends that he 'has demanded proof of "origin of debt" from Defendants on numerous occasions[.]' Compl. ¶ 4. Thus, Plaintiff is actually complaining of the same purported failure to validate *** that allegedly occurred 'on numerous occasions.' Unlike in *Campos* [*v. Brooksbank*, 120 F. Supp. 2d 1271 (2000)], *** the Plaintiff here is attempting to stretch out the statute of limitations by alleging the same failure to respond to his multiple 'Proof of Origin of Debt' requests.

Plaintiff's claims are time-barred because they are based on the *exact same conduct* and thus amount to an attempt to stretch out the statute of limitations. Accordingly, Defendant's Motion to Dismiss should be granted with prejudice." (Emphasis in original.)

¶ 9        On July 20, 2018, the trial court granted plaintiff leave to file an amended complaint, which was filed on July 31, 2018. According to the complaint:

"5. Defendant had pursued litigation against Plaintiff in another case for a purported creditor of Plaintiff.

6. In response to a request for verification of the claimed debt against him,

- 3 -

Defendant responded to Plaintiff by letter dated March 24, 2017. A true and correct copy of that letter is attached hereto as Exhibit A.

7. Plaintiff responded to the March 24, 2017[,] letter with his own correspondence dated April 19, 2017. A true and correct copy of that letter is attached hereto as Exhibit B[.] The response was that the information provided in the March 24, 2017[,] letter was absolutely false because plaintiff never had an account of any kind with the institution referenced in the March 24, 2017[,] letter.

8. Plaintiff therefore demanded proof of the origin of debt from Defendant, maintaining he had never done any form of business with the entity purportedly named as his creditor."

Plaintiff went on to allege defendant had violated the Federal Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. §§ 1692-1692p (West 2018)) and the Collection Act. According to plaintiff's amended complaint, "While Plaintiff has been damaged over the years by virtue of Defendant's misconduct in connection with its duties under the statutes, this case is being filed, in the form of an Amended Complaint to address Defendant's failure to comply with the collection statutes or conduct occurring in 2017, during the time frame set forth herein." Plaintiff raised his request for relief from $10,000 to $15,000. Exhibit A provided the following information to plaintiff:

"Creditor: First Resolution Investment Corp.

Original Creditor: Citibank (South Dakota), N.A.

Balance Due: $5,062.12

File Number: 07-43170

Account Number: *****5758"

Plaintiff responded in exhibit B:

> "Hello, thank you for the response regarding verification of the above-named account.
>
> *Unfortunately this places us right back where we were years ago. I've again requested information regarding the account, and you've provided me only that it originated with Citibank, with zero proof of that.* (Emphasis added.)
>
> As I've stated many times, I'VE NEVER HAD AN ACCOUNT OF ANY KIND WITH CITIBANK. I've never banked with them, I've never had a card with them.
>
> If you cannot provide ACTUAL PROOF of my having ever done business with Citibank immediately I will file suit against your firm for ten times the amount of this judgment.
>
> Attorney General Lisa Madigan's office encouraged me to make one final effort to secure ACTUAL PROOF of this debt from you and to allow you 30 days to provide it.
>
> If you do not I will be turning this case over to their office for prosecution and will file suit against you immediately. This is my final effort to resolve this situation with you." (Emphases in original.)

¶ 10    On August 21, 2018, defendant filed another motion to dismiss pursuant to section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2018)). According to defendant, plaintiff's amended complaint raised the same time-barred claims as plaintiff's initial complaint. We note the FDCPA has a one-year statute of limitations (15 USC § 1692k(d) (West 2018)), and the Collection Act has a five-year statute of limitations (225 ILCS 425/9.5 (West 2018)).

Defendant argued the claims were barred under both of these statutes. Defendant also contended it was expressly exempt from the Collection Act because it is a law office (225 ILCS 425/2.03(5) (West 2018)). Further, defendant argued plaintiff's claim could not be saved by the "continuing violation" doctrine or the "discovery rule" because plaintiff had been aware of the alleged violations for more than 10 years.

¶ 11 On October 22, 2018, plaintiff responded to defendant's motion to dismiss. Plaintiff argued his amended complaint made specific allegations defendant breached its statutory duties in 2017. According to plaintiff, "Because the Amended Complaint must be liberally [construed in] Plaintiff's favor, the Court will see the allegations clearly focus upon conduct within the limitations periods. In paragraph 10, Plaintiff disavows seeking relief for conduct occurring outside the limitations periods." Further, plaintiff argued the exemption for licensed attorneys under the Collection Act is not as broad as defendant proposed.

¶ 12 On November 1, 2018, defendant replied, arguing plaintiff ignored defendant's argument the alleged violation at issue in this case—the failure to provide proof of the origin of the debt at issue—was raised in plaintiff's April 5, 2013, motion for wage deduction exemption, which was denied on May 9, 2013. Defendant attached plaintiff's exemption motion. According to defendant, plaintiff was aware of the alleged injury at issue in this case—the failure to provide proof of the origin of the debt—at the latest on May 9, 2013.

¶ 13 On January 15, 2019, the trial court granted defendant's motion to dismiss plaintiff's amended complaint. According to the docket entry, "Court points out that Amended Complaint asks for $15,000 in damages, making this an AR case instead of a SC case." The record provided to this court by plaintiff does not contain a transcript of the hearing on defendant's motion to dismiss or a written order explaining the trial court's reasoning for

dismissing plaintiff's complaint.

¶ 14        On February 14, 2019, plaintiff filed a motion to reconsider the dismissal or, in the alternative, leave to amend his complaint. Although the record does not contain a transcript of the January 15, 2019, hearing on the motion to dismiss, plaintiff's motion to reconsider states:

> "At the last hearing, there was evident confusion regarding whether Defendant was properly raising additional issues that were more properly the subject of a Section 2-615 motion. Plaintiff had objected to any such arguments, noting that the Supreme Court rules only permitted a Section 2-619 motion in a small claims case. The Court noted that Plaintiff has sought in the Amended Complaint $15,000, whereas the original pro se complaint sought $10,000. Because Plaintiff had alleged an amount beyond the small claims limit, this Court dismissed the Amended Complaint based upon certain 2-615 arguments. The Court did note that, even though Plaintiff made no substantive argument on the Section 2-615 contentions, he would be allowed to make further arguments [in] this Motion to Reconsider."

Plaintiff then argued attorneys are only exempt under the Collection Act when they are collecting their own debts, not when they are working to collect debts of other entities.

¶ 15        On June 17, 2019, the trial court denied plaintiff's motion to reconsider. The record before this court does not include a transcript of the hearing on plaintiff's motion to reconsider.

¶ 16        This appeal followed.

¶ 17                                II. ANALYSIS

¶ 18        We review *de novo* a trial court's decision to dismiss a case. *Griffin v.*

*Willoughby*, 369 Ill. App. 3d 405, 410, 867 N.E.2d 1007, 1011 (2006). Our review is made difficult in this case because of the limited record. As previously noted, the record does not contain transcripts of the hearings on defendant's motion to dismiss plaintiff's amended complaint or plaintiff's motion to reconsider. Further, the record does not contain the trial court's reasoning for granting defendant's motion to dismiss and denying defendant's motion to reconsider.

¶ 19    It is the plaintiff's burden as the appellant to provide this court with a complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391, 459 N.E.2d 958, 959 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392, 459 N.E.2d at 959.

¶ 20                    A. Validity of Dismissal Orders

¶ 21    We first address plaintiff's argument the trial court's order dismissing plaintiff's claim was void because his case was subject to mandatory arbitration. Plaintiff cites *Contract Development Corp. v. Beck*, 210 Ill. App. 3d 677, 569 N.E.2d 941 (1991), as authority for his argument Illinois Supreme Court Rule 86 (eff. Jan. 1, 1994), required his case be sent to mandatory arbitration after he raised the amount of his request for relief to $15,000 in his amended complaint. We note his amended complaint was still filed as a small claims complaint like his initial complaint.

¶ 22    *Beck* does not support plaintiff's argument on appeal because it has nothing to do with Supreme Court Rule 86, upon which plaintiff bases his argument. Rule 86 states in relevant part:

>        "(a) Applicability to Circuits. Mandatory arbitration proceedings shall be
>
>        undertaken and conducted in those judicial circuits which, with the approval of

the Supreme Court, elect to utilize this procedure and in such other circuits as may be directed by the Supreme Court.

    ***

    (c) Local Rules. Each judicial circuit court may adopt rules for the conduct of arbitration proceedings which are consistent with these rules and may determine which matters within the general classification of eligible actions shall be heard in arbitration." Ill. S. Ct. R. 86(a), (c) (eff. Jan. 1, 1994).

Plaintiff fails to cite the local rule at issue in this case, Eleventh Circuit Local Rule 105, which was approved by our supreme court on September 12, 2018. Local Rule 105 states in part:

"E. Actions Subject to Court-Annexed Mandatory Arbitration (Supreme Court Rule 86).

    \* \* \*

    2. All civil actions will be subject to court-annexed mandatory arbitration if such claims are solely for money in an amount exceeding $10,000 but not exceeding $50,000, exclusive of interest and costs. Such cases shall be assigned to the Arbitration Calendar of the Eleventh Judicial Circuit at the time of initial case filing with the Circuit Clerk's office. All such cases will be provided with an AR designation pursuant to the AOIC Manual on Record Keeping.

    3. Cases not originally assigned to the Arbitration Calendar *may be* ordered to arbitration on the motion of either party, by agreement of the parties or by Order of Court at a status call or pretrial conference when it appears to the Court that no claim in the action has a value in excess of $50,000, irrespective of defenses." (Emphasis added.) 11th Judicial Cir. Ct. R. 105(E)(2), (3) (Sept. 12,

2018).

This case was not originally assigned to the arbitration calendar, and the record does not reflect (1) either of the parties asked the court to order the case to arbitration, (2) the parties agreed to move the case to arbitration, or (3) the trial court ordered the case to arbitration.

¶ 23    Plaintiff does not argue the trial court did not have subject matter or personal jurisdiction over this case and the parties, and we see no reason why it did not. Further, neither Illinois Supreme Court Rule 86 (eff. Jan. 1, 1994) nor Local Rule 105 barred the court from continuing to exercise its jurisdiction. It does not appear either Supreme Court Rule 86 or Local Rule 105 supports plaintiff's argument the trial court's order dismissing plaintiff's case is void.

¶ 24                                    B. Collection Agency Act

¶ 25    We next address plaintiff's argument the Collection Act applied to defendant even though defendant is a law firm. We disagree. Section 2.03 of the Collection Act states:

> "This Act does not apply to persons whose collection activities are confined to
>
> and are directly related to the operation of a business other than that of a
>
> collection agency, and specifically does not include the following:
>
> * * *
>
> 5. Licensed attorneys at law[.]" 225 ILCS 425/2.03(5) (West 2018).

¶ 26    Plaintiff argues this exemption only applies to attorneys who are collecting their own debts and not the debts of some other party. However, in *Gibbs v. Blitt and Gaines, P.C.*, 2014 IL App (1st) 123681, ¶ 15, 6 N.E.3d 755, the First District rejected the same argument plaintiff makes in this case. The First District stated, "Blitt and Gaines is a law firm comprised of licensed attorneys who file suits on behalf of collection agencies. As such, we find that it is exempt from the requirements of the [Collection] Act" pursuant to section 2.03(5). *Gibbs*, 2014

IL App (1st) 123681, ¶ 15. We agree with the First District's decision and hold defendant is exempt from plaintiff's claim under the Collection Act.

¶ 27                                    C. Statute of Limitations

¶ 28        We next turn to plaintiff's claim pursuant to the FDCPA. Plaintiff points out defendant's main argument in the trial court was plaintiff's claim under the FDCPA was barred because it was filed after the statute of limitations had run.

¶ 29        Plaintiff alleged he had been damaged over the years because of defendant's misconduct in connection with its duties under the FDCPA and the Collection Act. However, he limited his amended complaint to only address defendant's alleged failure to provide proof of the origin of plaintiff's debt in 2017. According to a letter which plaintiff sent to defendant on April 19, 2017, which plaintiff attached to his amended complaint, plaintiff told defendant, "If you cannot provide ACTUAL PROOF of my having ever done business with Citibank immediately[,] I will file suit against your firm for ten times the amount of this judgment."

¶ 30        Plaintiff argues the trial court erred in dismissing his claim based on the statute of limitations. According to plaintiff, his amended complaint was timely because it was only based on what occurred in 2017. However, defendant argues plaintiff's "sole contention is that [defendant's] [v]erification violated the FDCPA because it failed to provide 'proof of the debt[,]' " and plaintiff made this same claim and demand in April 2013 in an exemption motion. As a result, at the latest, plaintiff had to file his complaint under the FDCPA by April 2014 to comply with the FDCPA's statute of limitations. Because plaintiff failed to do so, his claim is not timely. We agree.

¶ 31        Plaintiff's reliance on *Campos v. Brooksbank*, 120 F. Supp. 2d 1271 (D.N.M. 2000), as support for his position his claim was timely filed is misplaced. In *Campos*, a finance

company hired the defendant, an attorney, to aid the finance company in collecting a debt from plaintiffs. The attorney filed suit against the plaintiffs either on September 27, 1997, or October 2, 1997, in New Mexico state court. The plaintiffs claimed they were never personally served with notice of this suit. A default judgment was entered against plaintiffs on April 2, 1998. *Campos*, 120 F. Supp. 2d at 1272.

¶ 32          The plaintiffs in *Campos* filed suit against the attorney on December 28, 1998. The plaintiffs alleged they only learned a default judgment had been entered against them on or after April 2, 1998, after their wages were garnished. The plaintiffs alleged the attorney made misrepresentations in an affidavit dated January 23, 1998, and the attorney's office prepared an affidavit on January 27, 1998, for another individual falsely claiming the plaintiffs were personally served in the case the attorney filed against the plaintiffs. The attorney argued the plaintiff's case was barred by the FDCPA's one-year statute of limitations because the plaintiffs did not file their claim within one year of the attorney filing suit against the plaintiffs in the debt collection suit. However, the plaintiffs claimed their FDCPA claim was limited to actions the attorney took within one year of the plaintiffs filing their claim. *Campos*, 120 F. Supp. 2d at 1272-73.

¶ 33          The federal district court in *Campos* noted the plaintiffs were not making a continuing violation argument or attempting to stretch the statute of limitations indefinitely. Instead, the court found the plaintiff's lawsuit was timely filed because the plaintiffs were making a claim based on new violations of the FDCPA that occurred within one year of the plaintiffs filing suit. *Campos*, 120 F. Supp. 2d at 1274.

¶ 34          The situation in this case is easily distinguishable from the situation in *Campos* because the underlying basis for the alleged violation in this case—defendant's alleged failure to

provide plaintiff with information on the origin of his debt—had been an issue plaintiff had been aware of since 2013 as evidenced by plaintiff's wage exemption motion he filed at that time. As a result, based on the record, the trial court did have a basis for dismissing plaintiff's claim pursuant to the FDCPA's one-year statute of limitations because plaintiff was attempting to pursue an alleged violation of the FDCPA plaintiff had known about since at least April 2013.

¶ 35                              III. CONCLUSION

¶ 36          For the reasons stated, we affirm the trial court's judgment.

¶ 37          Affirmed.